REED, Judge
(concurring specially) :
I concur in the conclusion reached by the majority, but on the sole ground that Section 2 of Ch. 70-80, Laws of Florida, 1970, does not apply to a person who at the time he qualifies as a candidate for public office does not hold any public office, elective or appointive. This is a legitimate construction of the following language in that section which negatively delineates the group to which the restriction of said section applies:
“No individual may qualify as a candidate for public office who holds another elective or appointive office.” (Emphasis added.)
I also find support for this interpretation of the act in the language of the Holley decision, supra, in which the Florida Supreme Court describes the Resign to Run Law as “ * * * simply a limitation upon the right to retain the office already held when seeking another.” (Emphasis added.) *671 If any other interpretation is given the Resign to Run Law, it would seem that the law would be more than a limitation on the right to retain an office already held, but would be an additional qualification for the other office sought. Furthermore, if the act (Ch. 70-80) were to apply to a person who at the time he qualifies as a candidate for public office does not hold a public office, the act would certainly be so unreasonable as to lack conformity to the constitutional requirements of substantive due process.
I am satisfied from the record before this court that appellee McCauley had effectively resigned his public office as Industrial Claims Judge before he qualified for the office of Judge of the Court of Record for Broward County, Florida, and, therefore, for that reason only concur in the affirmance.